## FLEMING SHEET METAL, INC. v. LEIFCO REALTY COMPANY AND OTHERS.

219 N. W. 2d 620.

June 28, 1974—No. 44510.

*Swanson & Prueter* and *John L. Prueter,* for appellant.
*Gray & Gray* and *Robert J. Orth,* for respondents.

Heard before Peterson, Todd, and Scott, JJ., and considered and decided by the court.

PER CURIAM.

Plaintiff appeals from a summary judgment holding that a landlord, defendant Leifco Realty Company, was not responsible for work performed at the request of its tenant, defendant Spaceburger, Inc. Plaintiff contends that it was entitled to recover on the theory of agency existing between landlord and tenant, or on the alternate theory of third-party beneficiary under the lease agreement. Affirmed in part; reversed in part.

A detailed statement of the facts is not necessary for our disposition of this case. We have carefully reviewed the evidence herein and find that there is no basis for plaintiff's claim that the tenant was the agent of the landlord under the circumstances of this case. We affirm the summary judgment entered by the trial court in this respect.

Plaintiff also claims a right to recover as third-party beneficiary under the lease agreement between the landlord and tenant. The pertinent portion of the lease agreement provides as follows:

"For a period of one (1) year from and after the occupancy date, any repair to the leased premises, the reasonable cost of which is Seven Hundred Fifty Dollars ($750.00) or less, shall be borne by and paid for by the Tenant. During said one (1) year period, any single repair that exceeds a cost of Seven Hundred Fifty Dollars ($750.00) shall, to the extent of any excess over Seven Hundred Fifty Dollars ($750.00), be paid for equally by Tenant and Lessor. From and after the first anniversary of the occupancy date, all repairs shall be made and paid for by Tenant."

Plaintiff in its complaint for part of its damages alleges the following:

"That on and between August 1, 1970[1] and July 7, 1971, the Tenant, Spaceburger, Inc., as agent of Lessor, and acting for and in behalf of, and pursuant to the authority conferred by, the Lessor, Leifco Realty Co., contracted with Plaintiff for the follow--

---

[1] The date of occupancy by the tenant.

ing repairs having a reasonable cost in excess of Seven Hundred Fifty ($750.00) Dollars, to-wit:

> "Controls, thermostats, relays, contactors, motor fan blades, shafts, bearings, labor $3939.75
> Repair roof and replace damaged gutters 897.00
> Replace air conditioner compressor and valves 2367.00"

The order for summary judgment contains no finding of fact or memorandum. Thus, there is insufficient basis for this court to determine if the issue was properly disposed of by summary judgment. We therefore remand this portion of the proceedings to the trial court for further deliberation and consideration to determine whether the items contained in the above-quoted paragraph of the complaint are properly repairs within the contemplation of the lease agreement.

We find that plaintiff's remaining claims are not allowable under the theory of third-party beneficiary and affirm the summary judgment as to those items.

Affirmed in part; reversed and remanded in part.